UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PETER LOTOCKY,

                                              Plaintiff,

                                                                                                   DECISION AND ORDER

                                                                                                   13-CV-6298L

                        v.

ELMIRA CITY SCHOOL DISTRICT,

                                             Defendant.
_____

Plaintiff Peter Lotocky ("plaintiff") brings this action against his employer, the Elmira City School District (the "District"), asserting claims of national origin-based discrimination and retaliation, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. Familiarity with the factual background of the matter is presumed.

The District now moves for sanctions pursuant to Fed. R. Civ. Proc. 11 (Dkt. #29), arguing that the plaintiffs' claims are frivolous. Plaintiff has opposed the motion and purports to cross move for sanctions, on the grounds that the District's sanctions motion is itself frivolous. (Dkt. #34). For the reasons that follow, both motions are denied.

I.     **The District' Motion for Sanctions Pursuant to Fed. R. Civ. Proc. 11**

Fed. R. Civ. Proc. 11 establishes the governing standards for pleading and prosecuting actions in federal court, and provides for the imposition of sanctions "if a party submits a pleading or motion for any improper purpose." *Hoyle v. Dimond*, 612 F. Supp. 2d 225, 236 (W.D.N.Y. 2009) (internal quotation marks omitted). "Rule 11 sanctions are an extraordinary remedy, and a movant must therefore meet a 'high bar' before sanctions are imposed on an adversary." *Id*. *See also Smith v. Lopez-Vazquez*, 2008 U.S. Dist. LEXIS 52708 at *17 (S.D.N.Y. 2008). Accordingly, any decision concerning the imposition of sanctions "should be made with restraint and discretion." *Pannonia Farms, Inc. v. USA Cable*, 426 F.3d 650, 652 (2d Cir. 2005). When determining whether a Rule 11 violation has occurred, courts employ an objective standard of reasonableness. *See Margo v. Weiss*, 213 F.3d 55, 65 (2d Cir. 2000); *Russo v. Estee Lauder Corp.*, 856 F. Supp. 2d 437, 451 (E.D.N.Y. 2012).

The crux of the District's argument is that plaintiff has filed a patently frivolous complaint, because he does not actually believe that the conduct of which he complains – and in particular, the discriminatory denials of promotions he alleges – was motivated by discrimination against his national origin. In support of this conclusion, the District relies on the fact that when plaintiff was asked during his deposition on December 9, 2014 whether he believed that the three individuals who made decisions with regard to the promotions were biased against him because of his national origin, he replied with regard to each one that he did not know, or did not believe, that they were. (Dkt. #29-4 at 26-32). Moreover, plaintiff testified that only one of the discriminatory comments about which he complains was made by a supervisor, rather than a coworker, and stated at least once that he did not inform the District about the coworker

comments. The District also claims that plaintiff's retaliation claims are implausible, because the actions of which he complains do not bear sufficient indicia of retaliatory animus.

While plaintiff's deposition testimony may prove to be harmful to his discriminatory failure-to-promote claims, it is not fatal to them, as a plaintiff's subjective beliefs are not an element of a *prima facie* case of disparate treatment. Plaintiff claims that he was passed over for at least one promotion, and that a native-born candidate, who was less qualified than he, was awarded the position. Plaintiff also claims that the District's administration was aware of coworker harassment against him including comments degrading his national origin, and that the District ultimately retaliated against him for lodging a complaint about coworker harassment by failing to discipline his harassers, subjecting him to surveillance, denying a Worker's Compensation claim and continuing to employ a coworker who had explicitly threatened to kill the plaintiff.

Plaintiff's allegations and testimony to this effect, if believed, could form a basis to conclude that he was subjected to retaliation. Indeed, the Equal Employment Opportunity Commission clearly did not view plaintiff's claims as wholly lacking evidentiary support, and at the conclusion of its investigation affirmatively found that there was "reasonable cause . . . to believe that Plaintiff was not promoted because of his national origin [and] was subjected to retaliatory actions, in violation of Title VII…" (Dkt. #34-4, Exh. C at 3). Such a finding undercuts defendant's contention that the complaint is so frivolous as to warrant dismissal and the imposition of sanctions.

Therefore, at this early stage, it cannot be said that there is any "clear evidence" that they are implausible, frivolous unsupportable, or improper. *See generally* Fed. R. Civ. Proc. 11(b).

3

While sanctions should be utilized when necessary and appropriate to correct the abuses that Rule 11 was designed to curtail, no such abuse appears to have occurred here.

**II.     Plaintiff's Cross Motion for Sanctions Against the District**

In opposing the District's motion for sanctions, plaintiff requests sanctions against the District, arguing that the District's motion for sanctions is, itself, meritless and frivolous.

The District argues that plaintiff's motion is procedurally improper. Even assuming *arguendo* that the motion is properly before the Court, I find that although the District's motion has been denied, the District's interpretation of the facts and law presented is not unreasonable, nor is it so glaringly frivolous or unfounded as to merit an award of sanctions.

## CONCLUSION

For the foregoing reasons, the parties' motions for sanctions (Dkt. #29, #34) are denied in their entirety, without prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       April 23, 2015.