UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PETER LOTOCKY,

                            Plaintiff,

                                                               DECISION AND ORDER

                                                               13-CV-6298L

                        v.

ELMIRA CITY SCHOOL DISTRICT,

                            Defendant.
_____

      Plaintiff Peter Lotocky ("plaintiff") brings this action alleging discrimination in employment on the basis of national origin, and retaliation, against his employer, the Elmira City School District (the "District"), pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(1) et seq. ("Title VII"). The District now moves for summary judgment dismissing plaintiff's claims (Dkt. #31). For the reasons that follow, that motion is granted and the complaint is dismissed.

      Plaintiff has been employed by the District as a custodial worker since approximately 1995. On or about March 31, 2009, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that the District had denied him a promotion due to discrimination. Specifically, he complained that in August 2008, the District denied him the position of Head Custodian of Riverside Elementary School, due to his Ukrainian national origin. The EEOC performed an investigation (the parties dispute whether that investigation was sufficiently thorough, as the EEOC allegedly did not obtain testimonial

evidence from the relevant decision makers within the District), and ultimately found probable cause to believe that discrimination had occurred, and/or that Lotocky had been subjected to retaliatory actions in response to the EEOC charge, and issued a right to sue letter. This action followed.

## DISCUSSION

Familiarity with the underlying facts of this case, discussed in summary fashion hereafter, is presumed.

### I. Summary Judgment in Discrimination Cases

When deciding a motion for summary judgment brought pursuant to FED. R. CIV. PROC. 56, a court's responsibility is to determine whether there remain any issues to be tried. *Duse v. Int'l Bus. Machs. Corp.*, 252 F.3d 151, 158 (2d Cir.2001). Summary judgment should be granted if the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. PROC. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). "A fact is 'material' for these purposes if it 'might affect the outcome of the suit under the governing law' . . . An issue of fact is 'genuine' if 'the evidence is such that a reasonable [factfinder] could return a verdict for the nonmoving party.'" *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 212 (2d Cir.2001), (quoting *Anderson*, 477 U.S. at 248). *See also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In deciding a motion for summary judgment, the Court's function is not to weigh the evidence and determine the truth of the matter, but simply to determine whether there is a genuine issue of material fact to be tried. *See Anderson,* 477 U.S. at 250.

These general principles regarding summary judgment apply equally to discrimination actions. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000) (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 524 (1993) (reiterating that trial courts should not "treat discrimination differently from other ultimate questions of fact.")). Although courts must be cautious about granting summary judgment in cases where motive, intent or state of mind are at issue, *see Dister v. Cont'l Group, Inc.*, 859 F.2d 1108, 1114 (2d Cir.1988); *Montana v. First Federal Savings and Loan Ass'n of Rochester*, 869 F.2d 100, 103 (2d Cir.1989), "the salutary purposes of summary judgment – avoiding protracted, expensive and harassing trials – apply no less to discrimination cases than to... other areas of litigation." *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir.1985)(summary judgment rule would be rendered sterile if mere incantation of intent or state of mind would act as a talisman to defeat an otherwise valid motion).

## II.     Plaintiff's Claim of Discriminatory Failure to Promote

A plaintiff asserting a Title VII discrimination claim based on a failure to promote establishes a *prima facie* case by showing that at the relevant time: (1) the plaintiff was a member of a protected class; (2) the plaintiff applied for and was qualified for a job; (3) the plaintiff was rejected for the position; and (4) the rejection of the plaintiff's application occurred under circumstances giving rise to an inference of discrimination. *See Aulicino v. New York City Dep't of Homeless Servs.*, 580 F.3d 73, 80 (2d Cir. 2009). Once plaintiff has established these elements, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions. *Id*. If the employer does so, the burden then returns to plaintiff, to supply evidence that the legitimate, nondiscriminatory reason offered by the defendant is pretextual. *See St. Mary's Honor Center*, 509 U.S. 502 at 508.

As an initial matter, I am not convinced that plaintiff has made out a *prima facie* case that he was denied a promotion on discriminatory grounds. For example, although plaintiff points to several differences between his qualifications and those of District employee Mark McDonald, who was chosen for the position at issue and who does not share plaintiff's Ukrainian background, those differences – chiefly a seven-month difference in length of prior service, when both candidates had been employed by the District for over thirteen years – are so negligible that no reasonable trier of fact could find that they present "circumstances giving rise to a reasonable inference of discrimination." Indeed, as the District points out, it had a longitudinal history of promoting plaintiff, who was granted nine promotions between 1995 and 2008 (out of 28 attempts), while McDonald was promoted only six times during the same period (out of 31 attempts).

Furthermore, even assuming *arguendo* that a reasonable inference of discrimination could be drawn from the minute differences between plaintiff's qualifications and McDonald's, plaintiff has failed to rebut the legitimate, nondiscriminatory reasons given by the District for its selection of McDonald instead of plaintiff, including McDonald's longer period of prior experience in a capacity comparable to that of "head custodian," and McDonald's superior performance during his job interview, including exuding a positive attitude and giving direct answers to questions, whereas plaintiff exhibited a negative attitude and gave rambling and non-responsive answers.

Plaintiff does argue that his attitude and responsiveness to questions should not have been considered, because English is not his first language and it can be frustrating and/or stressful for him to respond to questions in English. He also contends that his prior "head custodian" experience, while briefer than McDonald's, was in some ways more "on point" with the duties of

4

the position for which he was interviewing. However, the District was entitled to some latitude in choosing between similarly-qualified candidates. Plaintiff's mere disagreement with the facially non-discriminatory criteria used by the District to evaluate candidates does not, by itself, raise a question of fact as to whether its reasons for selecting McDonald instead of plaintiff were pretextual. It is well-settled that, "Title VII is not an invitation for courts to 'sit as a super-personnel department that reexamines employers' judgments." *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 169 (2d Cir. 2014).

In light of the undisputed facts, no reasonable trier of fact could conclude that the District's selection of McDonald over plaintiff for the head custodian position at Riverside Elementary School in or around August 2008 was discriminatory. Plaintiff's failure to promote claim is dismissed.

### III.     Retaliation

Claims of retaliation are also analyzed under the familiar *McDonnell Douglas* burden-shifting rules. *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Richardson v. New York State Dep't of Corr. Servs.*, 180 F.3d 426, 443 (2d Cir. 1999). To set forth a *prima facie* claim for retaliation, plaintiff must show: (1) that he participated in a protected activity; (2) that the defendant knew of the protected activity; (3) that he suffered an adverse employment action; and (4) that a causal connection exists between plaintiff's protected activity and the adverse employment action. *See Gordon v. New York City Bd. of Educ.*, 232 F.3d 111, 113 (2d Cir. 2000). Once plaintiff makes out a *prima facie* case of retaliation, the burden shifts back to the defendant employer to show that there was a legitimate, non-retaliatory reason for its actions. If the employer meets its burden, the burden returns to the plaintiff to show that "there is

sufficient potential proof for a reasonable jury to find the proffered legitimate reason merely a pretext for impermissible retaliation." *Richardson*, 180 F.3d at 443, *citing Gallagher v. Delaney*, 139 F.3d 338, 348 (2d Cir. 1998). Protected activity includes actions taken to report, oppose or protest unlawful discrimination, including complaints of discrimination to the employer, and the filing and pursuit of administrative charges. *See Cruz v. Coach Stores Inc.*, 202 F.3d 560, 566 (2d Cir. 2000).

It is undisputed that plaintiff engaged in protected activity on several occasions, filing EEOC charges and making internal complaints.

The retaliation plaintiff describes is alleged to have taken several forms. Plaintiff alleges that he was subjected to unspecified coworker comments that were derisive of his national origin, a comment by then-Assistant Superintendent Diane Spotts concerning American freedom of speech, increased supervisory scrutiny, alleged failure to adequately discipline an employee who threatened plaintiff, the administration of a random drug test, the expiration of a Civil Service "qualification list" on which plaintiff's name appeared, and an expansion of school outdoor athletic facilities which had the indirect effect of increasing plaintiff's workload.

Even construing all inferences in plaintiff's favor, a reasonable trier of fact would struggle to find that the complained-of actions, separately or in combination, rose to the level of an "adverse" action – that is, any action "that could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Chen v. City Univ. of N.Y.*, 2015 U.S. App. LEXIS 18792 at *46 (2d Cir. 2015) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 438 U.S. 53, 57 (2006)). Actions that are "trivial harms"—i.e., "those petty slights or minor annoyances that often take place at work and that all employees experience"—are not materially adverse. *Burlington*, 438 U.S. 53 at 68. As the Supreme Court reminds us, Title VII does not set

forth "a general civility code for the American workplace." *Id*. Construing all inferences in plaintiff's favor, it is nonetheless clear that annoyances like the administration of a random drug test, the building of a ballfield at a school, the normal expiration of a Civil Service "qualification list," or an administrator's comment comparing American freedom of expression with that of more restrictive countries, are not "materially adverse," but trivial.

Furthermore, even assuming arguendo that the complained-of actions were "adverse" for purposes of plaintiff's retaliation claim, many of the incidents about which plaintiff complains (such as the allegedly-disparaging comments) were precipitated by coworkers, and were undisputedly never brought to the attention of the District, despite the fact that the District had a formal and publicized framework for complaints of discrimination and/or retaliation. As such, there is no evidentiary basis for imputing knowledge of (or responsibility for) those actions to the District.

Also, plaintiff has failed to show a causal connection between his protected activities and the complained-of actions, or otherwise to present sufficient evidence to convince a reasonable trier of fact that they were motivated by retaliatory animus.

For example, the District's response to the threat made against plaintiff by a coworker was swift and decisive, including a campus-wide lockdown, the summoning of law enforcement, suspension of the employee who made the threat, and the implementation of a successful plan to prevent any future interactions between plaintiff and that coworker – a plan which was undisputedly effective, and achieved its aim of preventing further contacts between the two. No reasonable trier of fact could find that the District's actions were inadequate to immediately cease the other employee's harassment of plaintiff, and to prevent such harassment from continuing.

Plaintiff has also produced no evidence to refute the District's testimony and evidence establishing that the District was not responsible for the expiration of a Civil Service "eligible list" that resulted in plaintiff having to re-take a Civil Service Test, and that plaintiff's selection for a random drug test was just that – a random selection made by a computer, over which the District had no control.

The Court has carefully reviewed the remainder of plaintiff's factual allegations and the evidence submitted by both parties, and I find that the plaintiff has simply not made out a *prima facie* case of national origin-based discrimination or retaliation.  It is well-settled that "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion," *Davis v. State of New York*, 315 F.3d 93, 100 (2d Cir. 2002), and that is really all that plaintiff has presented here.  Even if he had made out a *prima facie* case, I note that plaintiff has produced no evidence by which a finder of fact could conclude that to the extent that the District is liable for any of the complained-of actions, that they were motivated by discriminatory animus or otherwise pretextual.

## CONCLUSION

For these reasons, the District's motion for summary judgment (Dkt. #41) is granted, and the complaint is dismissed in its entirety, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        December 15, 2015.